Minshall, J.
The city of Columbus having purchased a certain apparatus for the extinguishment of fires, called a ‘ ‘ fire tower, ’ ’ its fire department was engaged, on June 24, 1894, in a practice drill on one of its principal streets, when by the negligent management of the members of the department it fell and caused the death of the plaintiff’s husband. He was at the time sitting in his buggy near by and was without fault on his part in any way contributing bo the result. Whereupon his wife, having been appointed his administratrix, brought suit against the city to recover damages for thewrongfúl causing of his death. She charged negligence against the members of the department in managing the tower; also, that the tower was defective to the knowledge of the city, and that it was negligent in not communicating this fact to the members of its fire department ;and that the latter were inexperienced in the use of the tower, and that the city was negligent in not- having' properly instructed them in its management and use. The city demurred to the petition, the demurrer was sustained and the petition dismissed. On error, the judgment was affirmed by the circuit court.
The record presents the simple question whether a municipal corporation is liable in dam *546 ages to one injured by the negligent acts of the members of its fire department engaged in the use of its apparatus whether in the extinguishment of fires or otherwise. The question has generally, if not universally, been answered in the negative.
The ground on which the non-liability of municipal corporations is placed in such cases, is that the power conferred on them to establish a department for the protection of the property of its citizens from fire, is of a public or governmental nature, and liability for negligence in its performance does not attach to the municipality unless imposed by statute. The non-liability of the city in such cases rests upon the same reasons as does that of the sovereign exercising like powers ; and are distinguished from those cases in which powers are conferred on cities for the improvement of their own territory and the property of their citizens. “It is obvious,’’says Gholson, J.,in Western College v. Cleveland, 12 Ohio St., 375, 377, “that there is a distinction between those powers delegated to municipal corporations to preserve the peace and protect person and property, whether to be exercised by legislation or the appointment of proper officers, and those powers and privileges which are to be exercised for the improvement of the territory comprised within the limits of the corporation, and its adaptation to the purposes of residence and business. As to the first, the municipal corporation represents the state — discharging’ the duties incumbent on the state ; as to the second, the municipal corporation represents the pecuniary and proprietary interests of individuals. As to the first, responsibility for acts done, or omitted, is governed by the *547 same rule of responsibility which applies to like delegation of power; as to the second, the rules which govern the responsibility of individuals are properly applicable. ” In this case it was sought to make the city of Cleveland liable for Raving neglected its duty in not preventing the destruction of the property of the plaintiff by a riotous assemblage of persons. But in a subsequent case of Wheeler v. Cincinnati, 19 Ohio St., 19, the suit was for the recovery of damages against the city for having neglected to make proper provision for the extinguishment of fires and whereby the plaintiff’s property was destroyed. The court, however, held that the duty of the city in this regard fell within the category of the public duties of the city, and that there was no liability. Speaking of the powers conferred on municipal corporations for the extinguishment of fires, the court said: ‘ ‘The powers thus conferred are in their nature legislative and governmental; the extent and manner of their exercise, within the sphere prescribed by statute, are necessarily to be determined by the judgment and discretion of the proper municipal authorities, and for any defect in the execution of such powers, the corporation cannot be held liable to individuals. Nor is it liable for a neglect of duty on the part of fire companies, or their officers charged with the duty of extinguishing fires. The power of the city over the subject is that of a delegated quasi sovereignty, which excludes responsibility to individuals for the neglect or nonfeasance of an officer or agent charged with the performance of the duty.”
That the case just noticed is not in all respects like the one before us may be admitted. In it the city was charged with neglect in not mak *548 ing proper provisions for the extinguishment of fires, here it is charged with neglect in the management of an apparatus for the extinguishment of fires. But the cases uniformly hold that the principle on which municipal corporations are absolved from liability for negligence in the management of its fire department applies in the one ease as well as in the other. In Hayes v. The City of Oshkosh, 33 Wis., 314, the action was for property destroyed by a fire caused by negligence in working a steam fire engine. Dixon, O. J., in disposing of the case, said: “ The question presented in this case is settled by authority as fully and conclusively as any of a judicial nature can ever be said to have been.” Then after citing’ certain cases from Massachusetts, he proceeds: “The ground of exemption from liability, as stated in the authorities last named, are, that the corporation is engaged in the performance of a public service, in which it has no particular interest, and from which it derives no special benefit or advantage in its corporate capacity, but which it is bound to see performed in pursuance of a duty imposed by law for the general welfare of the inhabitants, or of the community; that the members of the fire department, although appointed by the corporation, are not, when acting in the discharge of their duties, servants or agents in the employment of the city, for whose conduct the city can be made liable; but they act rather as public officers of the city charged with a public service, for whose negligence or misconduct in the discharge of official duty no action will lie against the city; and hence the maxim respondeat superior has no application.”
The decision in this case is fully supported by the authorities, and the decisions in the other *549 states of the union. There is, in fact, a remarkable unanimity on the subject. Dill. Mun. Cor., sections 976, 974; Jones Mun. Cor., section 31; Sher. & Red. Neg., section 264; Goddard v. Harftwell, 30 Am. Rep., note, page 388; Hill v. City of Boston, 122 Mass., 344, a leading case. And numerous other cases cited in brief of counsel, from the principal states of the union. In Tiedeman on Municipal Corporations, section 333, it is stated that “Municipal Corporations are not liable for the negligence of their firemen — although they may be appointed and removed by the city, and the performance of the duties are wholly subject to its control — where a person is run over by a hosecarriag'e on its way to a fire; for injuries caused by the bursting of a hose; for damage by fire caused by the negligence of the city’s firemen; for neglect in cutting off water by which the fire might have been sooner extinguished; by the bursting of the mains; because a horse is frightened by steam from an engine left in the street; or for any similar lack of care or skill. ’ ’ The cases in which it has been so held in these several instances, are cited in a note to the section. A case very much in point here is that of Thompson v. Mayor, etc., of New York, 52 Sup. Ct., 427, as there the injury for which the suit was brought, occurred while the employees of the fire department were engaged in testing a certain apparatus, i. e., a fire tower, prior to its purchase by the city; and on the g’round above stated, the city was held not liable. See also Edgerly v. Concord, 59 N. H., 78.
It is not always a simple matter to determine to which class of the duties of a municipal corporation a given case belongs. Okey, J., in Robinson v. Greenville, 42 Ohio St., 629. But as *550 observed in Lloyd v. Mayor, etc., of New York, 5 N. Y., 374. “When the line is ascertained, it is not difficult to determine the rights of the parties, for the rules of law are clear and explicit which establish the rights, immunities and liabilities of the city when in the exercise of each class of powers. All that can be done probably with safety is, to determine in each case as it arises, under which class it falls.” This, however, has been fully determined by the decisions as to cases arising out of the neglect of the fire department of a city or any of its members. The duties violated are, in such cases, regarded as governmental in character, and no liability attaches to the city to compensate persons injured thereby.
The charge that the tower was defective to the knowledge of the city, and that it was negligent in not communicating this fact to the members of its fire department; and that the latter were inexperienced in the use of the tower, and that the city was negligent in not having properly instructed them in its management, so clearly fall within omissions of a governmental character as to need no further notice.
But it is claimed that the question of the city’s liability in this case is settled in this state by the case of Newark v. Frey. This is an unreported case, referred to by Okey, J., in delivering the opinion in Robinson v. Greenville 42 Ohio St., 625, 629. It is not there referred to as an authority supporting the decision in that case, for there the city was held not liable to a person injured by the discharge of a cannon in its streets by an assemblage of disorderly persons, on the ground that the neglect of a city to prevent such assemblages is simply the neglect of a governmental *551 duty. Newark v. Frey was referred to as a ease falling within the rule of municipal liability for the acts of its agents. The act complained of was, as in this case, the testing of an apparatus for the extinguishment of fires, at which members of the city council were present. There was an explosion from some very inflammable materials used to make a fire, which caused the injury complained of, and the city was held liable. What consideration was given the case we do not know. It is not supported by any of the authorities referred to; and is so plainly contrary to the settled law upon the subject, as shown by the authorities that we do not feel bound by it.

Judgment affirmed.